UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

February 28, 2014

LETTER TO COUNSEL:

      RE: *James Denney v. Commissioner, Social Security Administration;*
            Civil No. SAG-13-613

Dear Counsel:

On February 26, 2013, the Plaintiff, James Denney, petitioned this Court to review the Social Security Administration's final decision to deny his claims for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). (ECF No. 1). I have considered the parties' cross-motions for summary judgment. (ECF Nos. 15, 19). I find that no hearing is necessary. Local Rule 105.6 (D. Md. 2011). This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed proper legal standards. 42 U.S.C. §§ 405(g), 1383(c)(3); *see Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will deny the Plaintiff's motion and grant the Commissioner's motion. This letter explains my rationale.

Mr. Denney filed his claims on June 28, 2010, alleging disability beginning on June 1, 2010. (Tr. 129-39). His claims were denied initially on October 28, 2010, and on reconsideration on February 24, 2011. (Tr. 69-75, 78-81). A hearing was held on March 6, 2012 before an Administrative Law Judge ("ALJ"). (Tr. 29-64). Following the hearing, the ALJ determined that Mr. Denney was not disabled during the relevant time frame. (Tr. 24). The Appeals Council denied Mr. Denney's request for review, (Tr. 1-6), so the ALJ's decision constitutes the final, reviewable decision of the agency.

The ALJ found that Mr. Denney suffered from the severe impairments of degenerative disc disease, chronic obstructive pulmonary disease ("COPD"), anger disorder, and depression. (Tr. 17). Despite these impairments, the ALJ determined that Mr. Denney retained the residual functional capacity ("RFC") to:

> perform medium work as defined in 20 CFR 404.1567(c) and 416.967(c), except that he is limited to simple, routine unskilled jobs, svp 1-2 in nature, jobs that are low stress, meaning no decision-making requirements, except on an occasional basis and with no changes in the work setting or the judgment to perform the work, jobs that only require low concentration and memory, meaning 1-2 step tasks, jobs with no production rate or pace, jobs that avoid interaction with the public, co-workers and supervisors, except on rare occasions, jobs that deal with things rather than people, that only have infrequent contact with co-workers and with only occasional supervision and are essentially isolated, jobs that avoid

>  heights and hazardous machinery, and jobs that avoid excessive heat, odors, gases, fumes, dust, smoke and poor ventilation.

(Tr. 20). After considering the testimony of a vocational expert ("VE"), the ALJ determined that Mr. Denney could perform his past relevant work as a box maker, and that Mr. Denney could perform additional jobs that exist in significant numbers in the national economy. Therefore, the ALJ concluded that Mr. Denney was not disabled during the relevant time frame. (Tr. 23-24).

Mr. Denney presents four arguments on appeal. First, Mr. Denney argues that the ALJ should have deemed his obesity a severe impairment. Second, Mr. Denney argues that the RFC assessment was erroneous because it failed to limit him to unskilled light work. Third, Mr. Denney contends that the ALJ failed to properly assess his mental impairments. Fourth, Mr. Denney disagrees with the ALJ's adverse credibility finding. Each argument lacks merit and is addressed in turn.

First, Mr. Denney asserts that the ALJ should have found that his obesity was a severe impairment. Pl.'s Mot. 12-13. He also contends that his obesity was a "severe aggravating factor" to his other impairments, which warranted a restriction on his ability to work. *Id.* at 13. However, it is clear from the ALJ's opinion that not only did the ALJ properly consider whether Mr. Denney's obesity constituted a severe impairment, the ALJ also accounted for Mr. Denney's obesity in the RFC assessment. Pursuant to Social Security Ruling ("SSR") 02–1p, obesity is a severe impairment "when, alone or in combination with another medically determinable physical or mental impairment(s), it significantly limits an individual's physical or mental ability to do basic work activities." SSR 02–1p. "There is no specific level of weight or BMI that equates with a 'severe' or a 'not severe' impairment." *Id.* The ALJ determined that Mr. Denney's BMI of 43.4 placed him within the range of obesity, but that, "[t]here are no indications in the medical records that the claimant's obesity imposes any significant restrictions on [his] ability to perform basic work activities." (Tr. 18). Despite finding that Mr. Denney's obesity was non-severe, the ALJ considered the combined effects of his severe and non-severe impairments on his ability to work. *See* 20 C.F.R. §§ 404.1523; 416.923 (stating that the agency "will consider the combined effect of all of [a claimant's] impairments without regard to whether any such impairment, if considered separately, would be of sufficient severity"). Thus, to account for Mr. Denney's obesity, the ALJ restricted Mr. Denney to medium work and to jobs that avoid heights and hazardous machinery. (Tr. 21). The ALJ's determination that Mr. Denney's obesity was non-severe did not preclude him from considering its effect on Mr. Denney's ability to work. Mr. Denney also suggests that his obesity caused his leg swelling and edema. Pl.'s Mot. 13. However, Mr. Denney testified that a change to his blood pressure medication caused the swelling in his legs and that, "we got that problem solved." (Tr. 49). Therefore, Mr. Denney's argument concerning his obesity fails.

Second, Mr. Denney argues that the RFC assessment was in error. Pl.'s Mot. 13-15. Mr. Denney seizes on the ALJ's assignment of "little weight" to the opinion of Dr. Shah, a consultative examiner. (Tr. 22). Mr. Denney submits that Dr. Shah's opinion and the opinion of

a state agency medical consultant, Dr. Norcross, are inconsistent.[1] Pl.'s Mot. 14. The two opinions diverge significantly in three areas. First, Dr. Shah opined that Mr. Denney could carry 15 pounds frequently and 30 pounds occasionally, whereas Dr. Norcross concluded that Mr. Denney was capable of lifting 50 pounds occasionally and 25 pounds frequently. (Tr. 269, 308). Second, Dr. Shah recommended manipulative limitations on reaching, handling, feeling, grasping, and fingering, while Dr. Norcross concluded that no manipulative limitations existed. (Tr. 269, 314). Third, Dr. Shah found that no environmental limitations were necessary, yet Dr. Norcross opined that Mr. Denney should avoid even moderate exposure to fumes, odors, dusts, gases, and poor ventilation. (Tr. 269, 311). The ALJ assigned "little weight" to Dr. Shah's lifting and manipulative limitations, noting that Dr. Shah's own notes indicated that Mr. Denney had 5/5 upper extremity muscle strength and "normal range of motion in the upper extremities." (Tr. 22, 268). Indeed, Dr. Norcross noted in his Physical RFC Assessment that no objective findings in Dr. Shah's exam supported the lifting limitations and manipulative limitations that Dr. Shah recommended. (Tr. 314). I find that the ALJ provided specific reasons for his assignment of weight to the opinions of Dr. Shah and Dr. Norcross, and that these reasons are supported by the medical evidence of record. The ALJ did not accept any of the medical opinions in their entirety, evidencing careful consideration of each opinion. (Tr. 22). The RFC assessment, which was based, in part, on these opinions is not in error. Remand, therefore, is not warranted.

Mr. Denney's next argument similarly fails. He asserts that the ALJ erred in the evaluation of his mental impairments because the ALJ failed to fully consider the opinion of Dr. Harkhani, a consultative examiner. Pl.'s Mot. 15-17. In fact, the ALJ cited from Dr. Harkhani's report in the RFC narrative, noting that at the time of examination, Mr. Denney "exhibited no signs of depression, anxiety or manic process" and that his "thinking was generally logical and thought content was appropriate; insight and social judgment were intact." (Tr. 21-22). Mr. Denney argues that the ALJ did not reference Dr. Harkhani's statement that, "based on the risk of morbidity without treatment and description of interference with function, severity is estimated to be high." (Tr. 280). However, that omission alone does not render the ALJ's assessment of Mr. Denney's mental impairments erroneous. On the contrary, the ALJ's conclusion that Mr. Denney could perform "simple, routine, unskilled jobs," was supported by substantial evidence. (Tr. 22). As noted above, Dr. Harkhani's mental status evaluation was largely positive. *See* (Tr. 281). The single comment cited by Mr. Denney is inapposite because it discusses risk "without treatment," and as Dr. Harkhani noted, Mr. Denney was on effective medication. (Tr. 280-81). A Psychiatric Review Technique completed by Dr. Santulli, a state agency consultant, found only mild restriction of activities of daily living, moderate difficulties in social functioning, maintaining concentration, persistence, or pace, and no episodes of decompensation. *See* (Tr. 303). Moreover, the ALJ appears to have accepted Dr. Santulli's opinion that Mr. Denney is capable of work "where interpersonal contact is incidental to work," *see* (Tr. 317), as the RFC assessment restricted Mr. Denney to "jobs that avoid interaction with

---

[1] In fact, there was also an opinion rendered by another state agency medical consultant, Dr. Robbins, which reached conclusions similar to those of Dr. Norcross. (Tr. 323-30). However, Mr. Denney only refers to Dr. Norcross.

the public, co-workers and supervisors, except on rare occasions, jobs that deal with things rather than people, that only have infrequent contact with co-workers and with only occasional supervision and are essentially isolated..." (Tr. 20). The ALJ's exhaustive RFC assessment, which accounted for all of Mr. Denney's mental impairments, was supported by substantial evidence.

Finally, Mr. Denney disagrees with the ALJ's finding that his subjective complaints of pain were not credible. Pl.'s Mot. 17-18. The Fourth Circuit has developed a two-part test for evaluating a claimant's allegations of pain. The first prong of this test requires a determination that there is objective medical evidence of a medical impairment reasonably likely to cause the pain alleged by the claimant. *Craig,* 76 F.3d at 594. The second prong requires the ALJ to consider "the intensity and persistence of the claimant's pain, and the extent to which it affects [his] ability to work." *Id.* at 595. The ALJ followed that process in this case and cited to substantial evidence to support his overall credibility finding. The ALJ noted that Mr. Denney's pulmonary function tests in September, 2010 were "essentially normal." (Tr. 21). The ALJ also noted that Mr. Denney's complaints of back pain after standing 5-10 minutes were contradicted by the medical evidence, as Dr. Shah noted that he had "normal range of motion in the lower back, and he was able to squat and rise with ease and rise from a seated position without assistance." *Id.* It is important to note that despite finding his complaints of back pain less than credible, the ALJ still gave Mr. Denney "the benefit of the doubt" and accounted for his obesity and back pain by limiting the RFC assessment to medium work. *Id.* Given that the ALJ's credibility finding rested on substantial evidence, remand is not warranted.

For the reasons set forth herein, Plaintiff's motion for summary judgment (ECF No. 15) will be DENIED and the Commissioner's motion for summary judgment (ECF No. 19) will be GRANTED. The Clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion. An implementing Order follows.

                                            Sincerely yours,

                                            /s/

                                            Stephanie A. Gallagher
                                            United States Magistrate Judge